(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2018 Aug 31 1:33 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No.: CT-003999-18

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| Timothy Athan Foley, as Next Friend of Donna Karen Foley, an incapacitated person | VS | Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

DTD HC, LLC
c/o Leslie Wilson, Agent
3690 Southwestern Boulevard
Orchard Park, NY 14127

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC   Plaintiff's

attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, Tennessee 38119

telephone 901-322-4232   within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

**EXHIBIT**

A



**The Shelby County, Tennessee Circuit Court**

**Case Style:**  TIMOTHY FOLEY VS ALLENBROOKE NURSING REHAB

**Case Number:**  CT-003999-18

**Type:**  SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 08/31/2018 01:57:18 PM

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2018 Aug 31 1:33 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-003999-18

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| Timothy Athan Foley, as Next Friend of Donna Karen Foley, an incapacitated person | VS | Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| D&N, LLC c/o Leslie Wilson, Agent 3690 Southwestern Boulevard Orchard Park, NY 14127 | Method of Service: ◯ Certified Mail ◯ Shelby County Sheriff ◯ Commissioner of Insurance ($) ◯ Secretary of State ($) ◯ Other  TN County Sheriff ($) ◉ Private Process Server ◯ Other |
|---|---|

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC    Plaintiff's

attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, Tennessee 38119

telephone 901-322-4232    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        TIMOTHY FOLEY VS ALLENBROOKE NURSING REHAB

**Case Number:**    CT-003999-18

**Type:**        SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 08/31/2018 01:57:18 PM

ELECTRONICALLY FILED
2018 Aug 31 1:33 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

| | |
|---|---|
| **Timothy Athan Foley, as Next Friend of Donna Karen Foley, an incapacitated person,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No. _____** |
| **v.** ) | **Division _____** |
| ) | **Jury Demanded** |
| **Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, Timothy Athan Foley, as Next Friend of Donna Karen Foley, an incapacitated person, and complains of Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett, Defendants, and for this cause of action would show as follows:

### PARTIES

1.      Timothy Athan Foley is the son of Donna Karen Foley, and brings this action as Next Friend of Donna Karen Foley, an incapacitated person.

2.      Upon information and belief, Donna Karen Foley has been a resident of Allenbrooke Nursing and Rehabilitation Center, a facility owned, operated, and/or managed by

Defendants located at 3933 Allenbrooke Cove, Memphis, Tennessee 38118, from on or about May 5, 2017, until the present.

3. At all times pertinent hereto, Donna Karen Foley was dependent upon Defendants to meet her needs, as she was unable to care for herself.

4. Defendant Allenbrooke Nursing and Rehabilitation Center, LLC is a domestic limited liability company that at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of Allenbrooke Nursing and Rehabilitation Center in Memphis, Shelby County, Tennessee. Allenbrooke Nursing and Rehabilitation Center, LLC, is owned by DTD HC, LLC, and D&N, LLC. The causes of action made the basis of this suit arise out of such business conducted by Allenbrooke Nursing and Rehabilitation Center, LLC, in the ownership, operation, management, and/or control of Allenbrooke Nursing and Rehabilitation Center. Defendant Allenbrooke Nursing and Rehabilitation Center, LLC may be served with process through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Nashville, Tennessee 37219.

5. Defendant Aurora Cares, LLC is a foreign limited liability company that at all times material to this action was the management company of Allenbrooke Nursing and Rehabilitation Center in Memphis, Shelby County, Tennessee. Defendant Aurora Cares, LLC, is owned by DTD HC, LLC, and D&N, LLC. The causes of action made the basis of this suit arise out of such business conducted by Aurora Cares, LLC in the operation, management, and/or control of Allenbrooke Nursing and Rehabilitation Center. Defendant Aurora Cares, LLC may be served with process through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Nashville, Tennessee 37219.

2

6.     Defendant DTD HC, LLC is a foreign limited liability company that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant. DTD HC, LLC is 50% owner of Allenbrooke Nursing and Rehabilitation Center, as well as its management company, therapy company, pharmacy company, and property company. DTD HC, LLC, whose sole manager is Donald T. Denz, is responsible for maintaining the nursing home's finance department, which includes accounts payable, payroll, accounts receivable, general ledger, and financial statement preparation for Allenbrooke Nursing and Rehabilitation Center. Defendant DTD HC, LLC may be served with process through its agent, Leslie Wilson, 3690 Southwestern Boulevard, Orchard Park, New York 14127.

7.     Defendant D&N, LLC is a foreign limited liability company that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant. D&N, LLC is 50% owner of Allenbrooke Nursing and Rehabilitation Center, as well as its management company, therapy company, pharmacy company, and property company. D&N, LLC, whose sole manager is Norbert A. Bennett, engaged in contact with facilities, made on-site visits, and is responsible for providing continuous oversight regarding the direct care, contract negotiations, purchasing, capital improvements, employee and resident safety, and human resources for Allenbrooke Nursing and Rehabilitation Center. Defendant D&N, LLC may be served with process through its agent, Leslie Wilson, 3690 Southwestern Boulevard, Orchard Park, New York 14127.

8.     Defendant Donald T. Denz is the sole manager and majority member and owner of DTD HC, LLC, and Chief Executive Officer and Chief Financial Officer of Aurora Cares,

3

LLC, that at all time material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of DTD HC, LLC, and Aurora Cares, LLC, as well as a member of the governing body of Allenbrooke Nursing and Rehabilitation Center. Donald T. Denz actively manages Allenbrooke Nursing and Rehabilitation Center and is the manager of Allenbrooke Nursing and Rehabilitation Center, LLC. The causes of action made the basis of this suit arise out of such business conducted by said Defendant. Upon information and belief, Donald Denz is responsible for maintaining the finance department, which includes accounts payable, payroll, accounts receivable, general ledger, and financial statement preparation for Allenbrooke Nursing and Rehabilitation Center, and controlled the financial operations of Aurora Cares, LLC, Allenbrooke Nursing and Rehabilitation Center, and DTD HC, LLC. Donald T. Denz also retained exclusive control over the operations of Allenbrooke Nursing and Rehabilitation Center, along with his partner and uncle, Norbert A. Bennett, as Allenbrooke Nursing and Rehabilitation Center's manager. Donald T. Denz may be served with process personally at 3690 Southwestern Boulevard, Orchard Park, New York 14127.

9. Defendant Norbert A. Bennett is the sole manager and majority member of D&N, LLC, and Chief Executive Officer of Aurora Cares, LLC, that at all times material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of D&N, LLC, and Aurora Cares, LLC, as well as a member of the governing body of Allenbrooke Nursing and Rehabilitation Center. Norbert A. Bennett actively manages Allenbrooke Nursing and Rehabilitation Center and is the manager of Allenbrooke Nursing and Rehabilitation Center, LLC. The causes of action made the basis of this suit arise out of such business conducted by said Defendant. Upon information and belief, Norbert A. Bennett is responsible for maintaining contact with Allenbrooke Nursing and Rehabilitation Center and performing on-site visits,

providing continuous oversite of the operations of the facility, Allenbrooke Nursing and Rehabilitation Center, and controlled the financial operations of Aurora Cares, LLC, Allenbrooke Nursing and Rehabilitation Center, and D&N, LLC. Norbert Bennett also retained exclusive control over the operations of Allenbrooke Nursing and Rehabilitation Center, along with his partner and nephew, Donald T. Denz, as Allenbrooke Nursing and Rehabilitation Center's manager. Norbert A. Bennett may be served with process personally at 3690 Southwestern Boulevard, Orchard Park, New York 14127.

## VENUE

10.    The injuries made the basis of this lawsuit were products of the corporate and financial policies designed, formulated, and implemented by Defendants. Venue for this action lies in Shelby County, Tennessee.

## DEFINITIONS

11.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett.

12.    Whenever in this suit it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment and/or agency relationship with said Defendants.

13.    Defendants were engaged in a joint venture and acted in concert in the operation, management, and maintenance of Allenbrooke Nursing and Rehabilitation Center. Defendants

5

entered into an agreement with the common purpose of operating, managing, and maintaining Allenbrooke Nursing and Rehabilitation Center. Defendants each had an equal right to control their venture as a whole, as well as to control the operation and management of the facility.

## NATURE OF DEFENDANTS' LIABILITY

14.   **ALTER EGO:** Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; and D&N, LLC, are the alter egos of Defendants Norbert A. Bennett and Donald T. Denz. Defendants were mere conduits through which Defendants Donald T. Denz and Norbert A. Bennett did business. The management and the operations of Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; and D&N, LLC, were so assimilated with Defendants Donald T. Denz and Norbert A. Bennett, to the extent that the aforementioned subsidiaries were simply a name through which the owner Defendants Donald T. Denz and Norbert A. Bennett conducted their business. Defendants Donald T. Denz and Norbert A. Bennett completely dominated and controlled the business affairs of their subsidiaries insomuch as Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; and D&N, LLC, were organized and operated as mere tools of Defendants Donald T. Denz and Norbert A. Bennett.

15.   **AGENCY:** Further, at all times material to this suit, Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett acted as agents of each other. As such, Defendants Donald T. Denz and Norbert A. Bennett ratified or authorized the acts or omissions of Defendants, Allenbrooke Nursing and Rehabilitation Center,

LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; and D&N, LLC.

16.     **JOINT ENTERPRISE:**  To the extent that Defendants are found to be separate corporate entities and would not be liable for the acts of each other under theories that allow looking beyond the corporate fiction, each Defendant remains liable for the acts of the others because Defendants operated their business as a joint enterprise.  Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett, engaged in a joint venture and acted in concert in the operation, management, and maintenance of Allenbrooke Nursing and Rehabilitation Center. These Defendants entered into an agreement with the common purpose of operating, managing, and maintaining Allenbrooke Nursing and Rehabilitation Center.  These Defendants had an equal right to control their venture as a whole, as well as to control the operation and management of the subject facility.

17.     **CIVIL CONSPIRACY:**  Defendants, Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett, individually, and through Allenbrooke Nursing and Rehabilitation Center, LLC d/b/a Allenbrooke Nursing and Rehabilitation Center, each conspired, had the mutual understanding, and common design and purpose, to own, manage, operate, and/or control Allenbrooke Nursing and Rehabilitation Center in such a way that it was foreseeable that Donna Karen Foley, as a Allenbrooke Nursing and Rehabilitation Center resident, would endure the injuries and harm outlined herein.  Said Defendants conspired in an effort to extract revenues from Allenbrooke Nursing and Rehabilitation Center, thereby leaving it undercapitalized for their own profit and financial gain,

with reckless disregard of the health, safety, and welfare of Donna Karen Foley and other similarly situated residents. By engaging in the acts and/or omissions, including, but not limited to those, outlined in paragraphs 27, 34, 35-39 below, each Defendant was acting in concert with one another and in furtherance of the conspiracy, all to the detriment of Plaintiff.

## FACTS

18.     Upon information and belief, Donna Karen Foley has been a resident at Allenbrooke Nursing and Rehabilitation Center, a skilled nursing facility located at 3933 Allenbrooke Cove, Memphis, Tennessee 38118, from on or about May 5, 2017, until the present.

19.     At all times pertinent hereto, Donna Karen Foley was unable to attend to her affairs or care for herself through her residency at Allenbrooke Nursing and Rehabilitation Center.

20.     While in the care of Defendants, Donna Karen Foley suffered injuries and harm which include, but are not limited to, the following:

> (a)     Falls, one resulting in fractured femur and one resulting in tibia and fibula fractures; and
>
> (b)     Poor hygiene.

21.     As a result of these injuries, Donna Karen Foley required medical attention and her overall health deteriorated, causing unnecessary physical suffering, severe pain, and mental anguish.

22.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

8

## CAUSES OF ACTION AGAINST ALL DEFENDANTS, ALLENBROOKE NURSING AND REHABILITATION CENTER, LLC D/B/A ALLENBROOKE NURSING AND REHABILITATION CENTER; AURORA CARES, LLC; DTD HC, LLC; D&N, LLC; DONALD DENZ; AND NORBERT BENNETT

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

23.    Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011, against all Defendants. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

24.    Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-23 as if fully set forth herein.

25.    Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

26.    Defendants are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty Donna Karen Foley to provide her healthcare services in a safe and beneficial manner.

27.    Defendants breached their duties owed to Donna Karen Foley, thereby causing Donna Karen Foley to be injured as set forth in this Complaint. Such breaches by Defendants include, but are not limited to, the following:

        (a)    Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Donna Karen Foley, including, but not limited to, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts;

9

(b)     Failure to administer the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Donna Karen Foley;

(c)     Failure to provide sufficient number of non-licensed staff to follow Donna Karen Foley's care plans and to prevent Donna Karen Foley's needs from being ignored;

(d)     Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Donna Karen Foley received adequate and proper custodial care;

(e)     Failure to provide adequate overall custodial (non-medical) care;

(f)     Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Donna Karen Foley received adequate and proper custodial care, adequate hydration, and warm and palatable meals;

(g)     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h)     Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

    (1)     ensuring that the rules and regulations designed to protect the health and safety of the patients, such as Donna Karen Foley, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

    (2)     ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

    (3)     responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i)     Failure of non-licensed personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Donna Karen Foley;

(j)     Failure to provide basic and necessary non-medical care and supervision during Donna Karen Foley's residency;

(k)     Failure to provide a safe, functional, sanitary, and comfortable environment;

(l)     Failure to protect Donna Karen Foley from abuse and neglect during her residency;

(m)    Failure to treat Donna Karen Foley with kindness and respect;

(n)     Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Donna Karen Foley received care in accordance with Defendants' policies and procedures;

(o)     Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Donna Karen Foley;

(p)     Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Donna Karen Foley;

(q)     Failure to develop and implement an adequate nursing care plan for Donna Karen Foley that was followed by nursing personnel;

(r)     Failure to take reasonable steps to prevent, eliminate, and correct medical deficiencies and problems in resident care;

(s)     Failure to properly and timely notify Donna Karen Foley's attending physician and/or nurse practitioners of significant changes in her physical condition;

(t)     Failure to adequately and appropriately monitor Donna Karen Foley and recognize significant changes in her health status; and

(u)     Failure to provide treatment for persistent, unresolved problems related to the care and physical condition of Donna Karen Foley resulting in her unnecessary pain, agony, and suffering.

11

Donna Karen Foley was caused to suffer mental anguish, pain and suffering, and physical injuries, which include, but are not limited to, falls, one resulting in fractured femur and one resulting in tibia and fibula fractures; poor hygiene; severe pain; and injuries to her dignity.

28.     Defendants' conduct in breaching the duties it owed Donna Karen Foley was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

29.     As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Donna Karen Foley was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## IN THE ALTERNATIVE, ORDINARY NEGLIGENCE AS TO DEFENDANTS DTD HC, LLC; D&N, LLC; DONALD T. DENZ; AND NORBERT A. BENNETT ONLY

30.     To the extent that the Court may determine that any of the negligent conduct of Defendants DTD HC, LLC; D&N, LLC; Donald T. Denz; and Norbert A. Bennett do not fall under the Tennessee Health Care Liability Act, the Plaintiff pleads that these Defendants' actions constitute ordinary negligence. Such claims for ordinary negligence do not involve a decision, act, or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences.

31.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-30 as if fully set forth herein.

32.     These Defendants owed a duty to their residents, including Donna Karen Foley, to provide adequate resources to the facility to ensure there were sufficient staff and supplies on

hand to meet the needs of their residents, including Donna Karen Foley, such that care, treatment, and services could be provided within accepted standards of care of nursing homes.

33.     These Defendants owed a duty to their residents, including Donna Karen Foley, to hire, train, and supervise employees to deliver custodial care and services to residents in a safe and beneficial manner.

34.     These Defendants breached the duties owed to their residents, including Donna Karen Foley, and were negligent in their failure to fulfill the above duties thereby affecting the resident population as a whole, including impacting the care and treatment of Donna Karen Foley, by and through their administrative decisions to understaff and undersupply the facility, which were within the understanding of an ordinary lay person and did not require medical training, assessment, or diagnosis, including but are not limited to, the following:

(a)     Failure to provide sufficient resources to retain an adequate number of non-licensed staff to follow Donna Karen Foley's care plans, to supervise Donna Karen Foley, and to prevent Donna Karen Foley's needs from being ignored;

(b)     Failure to provide adequate supervision and oversight to ensure that Donna Karen Foley received adequate and proper custodial care;

(c)     Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Donna Karen Foley received adequate and proper care;

(d)     Failure to adopt adequate guidelines and policies and procedures for their facilities;

(e)     Failure to designate, assign, and adequately monitor the actions of the facility's governing body of the nursing home to ensure their non-delegable duties were legally and lawfully fulfilled by:

(1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Donna Karen Foley, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the

13

Division of Health Care Facilities, were consistently complied with on an ongoing basis;

(2)     ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis;

(3)     ensuring that the facility employed a responsible and sufficiently qualified nursing home administrator; and

(4)     responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(f)     Failure to allocate sufficient resources to ensure Donna Karen Foley and other residents received adequate care and treatment;

(g)     Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Donna Karen Foley received care in accordance with Defendants' policies and procedures; and

(h)     Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Donna Karen Foley.

35.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

36.     Donna Karen Foley's injuries were the result of this Defendants' administrative decisions, including short-staffing the Nursing Home, which affected all residents of Allenbrooke Nursing and Rehabilitation Center, including Donna Karen Foley.    These Defendants' administrative decisions were made for the benefit of all residents at the facility and without Donna Karen Foley's specific care or treatment in mind.

37.     These Defendants' administrative decisions led to inadequate conditions at the facility, which caused the Tennessee Department of Health and Human Services to cite Allenbrooke Nursing and Rehabilitation Center for numerous deficiencies.  These Defendants'

14

decisions to provide the facility with insufficient resources resulted in the nursing home being understaffed and undersupplied, which led to Donna Karen Foley's injuries.

38.    At all times during Donna Karen Foley's residency at Allenbrooke Nursing and Rehabilitation Center, she was a "resident" pursuant to T.C.A. §§ 68-11-901 *et seq.*, the Tennessee Nursing Home Residents Rights Act (TNHRRA), and the corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agent, including the Division of Health Care Facilities, namely the Nursing Home Rules and Regulations § 1200-8-6, *et seq.* The particular violations by these Defendants include, but are not limited to, violations of T.C.A. § 68-11-901 (15), (16), (21), and (24). Accordingly, Donna Karen Foley is a member of the class that TNHRRA is intended to protect.

39.    Donna Karen Foley was injured as described herein as a direct result of the acts or omissions of these Defendants as set forth above, which constitute a violation of TNHRRA, as well as 42 CFR 483.10, *et seq.*, and the Nursing Home Regulations of the Tennessee Department of Health, Rules of the Tennessee Department of Health Board for Licensing Healthcare Facilities, Chapter 1200-8-6, *et seq.*, and are evidence of negligence. Violations of the foregoing federal and state regulations governing nursing homes also constitute negligence per se. The injuries suffered by Donna Karen Foley were of the type that TNHRRA is designed to prevent.

40.    WHEREFORE, Plaintiff seeks compensatory and punitive damages against these Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## DAMAGES

41.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-40 as if fully set forth herein.

15

42.     As a direct and proximate result of the acts and omissions of all Defendants as set out above, Donna Karen Foley suffered injuries including, but not limited to, those described herein.   As a result, Donna Karen Foley incurred significant medical expenses and suffered embarrassment and physical impairment and pain and suffering.

43.     Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

44.     To the extent T.C.A. §§ 29-39-101, et seq., is asserted by Defendants or deemed applicable to the present case or controversy, Plaintiff affirmatively avers that these statutory provisions are unconstitutional.

45.     The Constitution of the State of Tennessee provides for:

(1)     Right to Trial by Jury.

[T]he right of trial by jury shall remain inviolate ....

Tennessee Constitution, Art. 1, Sec. 6.

(2)     Open Courts.

[A]ll courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

Tennessee Constitution, Art. 1, Sec. 17.

(3)     Separation of Powers.

The powers of the government shall be divided into three distinct departments: legislative, executive and judicial.

Tennessee Constitution, Art. 2, Sec. 1.

No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

Tennessee Constitution, Art. 2, Sec. 2.

46.     The Constitution of the United States provides for:

    (1)     Right to Trial by Jury.

        In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

        United States Constitution, Amendment VII.

    (2)     Due Process and Equal Protection.

        ...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; ...without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws ...

        United States Constitution, Amendment XIV.

47.     Plaintiff asserts that Tenn. Code Ann. §§ 29-39-101, et seq., violates the Constitutions of the State of Tennessee and the United States by affecting the right to trial by jury, open courts, separation of powers, equal protection, and due process.

## REQUEST FOR TRIAL BY JURY

48.     Plaintiff demands a trial by a jury of twelve (12) on all issues herein set forth.

## PRAYER FOR RELIEF

Pursuant to Tennessee Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of the Court, and adequate to compensate Plaintiff for all the injuries and damage sustained. Plaintiff challenges the constitutionality of Tenn. Code Ann. §§ 29-39-101, et

17

seq., which purports to arbitrarily limit the amount of damages available to a plaintiff, in contravention of the Tennessee and United States Constitutions;

   2.   For all general and special damages caused by the alleged conduct of Defendants;

   3.   For the costs of litigating this case;

   4.   For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

   5.   For all other relief to which Plaintiff is entitled by Tennessee law.

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By: _____

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
Deena K. Arnold (BPR#24555)
Austin C. Gardner (BPR#35138)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing has been served via US Mail upon the following individual on this __31st__ day of August, 2018, with sufficient postage thereon to ensure delivery:

Herbert H. Slatery III
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

_____
Attorney for Plaintiff

18